# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL BURKE, | ) | |
|     Plaintiff, | ) | Civil Action No. 14-145Erie |
| | ) | |
| v. | ) | District Judge Motz |
| | ) | |
| SCI ALBION, et al, | ) | Magistrate Judge Baxter |
|     Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

It is respectfully recommended that the motion to dismiss [ECF No. 5] be granted. The Clerk of Courts should be directed to close this case.

**II.    REPORT**

    **A.  Relevant Procedural History**

This civil action was filed in this Court by way of removal on May 15, 2014. Plaintiff, an inmate in state custody, originally filed this civil rights action in the Court of Common Pleas of Erie County, Pennsylvania. Plaintiff alleges that his constitutional rights have been violated by Defendants in the loss of his personal property. As Defendants to this action, Plaintiff names: SCI Albion; Michael Harlow; Correctional Officer D'Happart; Captain Heibner; Lt. Armeni; and Dorina Varner, all employees of the Pennsylvania Department of Corrections.

In response to the complaint, Defendants filed a motion to dismiss arguing that Plaintiff has failed to state a claim upon which relief could be granted. See ECF No. 5. Despite being

1

given the opportunity to do so, Plaintiff has not filed any brief in opposition to the pending dispositive motion.

### B. Standards of Review

#### 1. *Pro Se* Litigants

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-521 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Dep't of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court may consider facts and make inferences where it is appropriate.

#### 2. Motion to dismiss pursuant to Rule 12(b)(6)

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the

complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, 556 U.S. 662 (2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

A Court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the Court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). See also McTernan v. City of York, Pennsylvania, 577 F.3d 521, 531 (3d Cir. 2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). A plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 556, citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D. Del.) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for

enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556 n.3.

The Third Circuit has expounded on the Twombly/Iqbal line of cases:

> To determine the sufficiency of a complaint under Twombly and Iqbal, we must take the following three steps:
>
>> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011) quoting Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).

### C.  Plaintiff's Claim

Plaintiff's legal claim revolves around the loss or confiscation of Plaintiff's personal property.[1] The relief Plaintiff seeks is compensation for the missing property.

The analysis of a due process claim stemming from the deprivation of a property interest focuses on the existence of a post-deprivation remedy. An unauthorized, intentional deprivation of property by government employees does not violate the Due Process Clause so long as there is a "meaningful post-deprivation remedy" available to the plaintiff. Hudson v. Palmer, 46 U.S. 517, 533 (1984). See also Tillman v. Lebanon County Correctional Facility, 221 F.3d 410, 421 (3d Cir. 2000) ("[W]here it is impractical to provide meaningful pre-deprivation process, due process will be satisfied by a meaningful post-deprivation remedy."). In Hudson, the Supreme

---

[1] Plaintiff mentions that one of the Defendants became verbally abusive and confrontational about a grievance Plaintiff filed. However, this Court does not read such an allegation as stating a retaliation claim as verbal threats cannot constitute the adverse action necessary to state a *prima facie* case of retaliation.

4

Court reasoned that an intentional deprivation cannot be controlled in advance so as to adequately provide any pre-deprivation process. Id. See also Parratt v. Taylor, 451 U.S. 527 (1981) (held that a negligent deprivation of property by state officials does not violate the Fourteenth Amendment if an adequate post-deprivation state remedy exists), overruled on other grounds by, Daniels v. Williams, 474 U.S. 327 (1986). Thus, Plaintiff has no viable claim under the Constitution if an adequate post-deprivation remedy was available to him. The prison grievance system has been deemed an adequate post-deprivation remedy. Tillman, 221 F.3d at 421.

This Court takes judicial notice of the fact that the Department of Corrections has a grievance system in place. Because Plaintiff had adequate post-deprivation remedies available to him to contest the loss of his personal property, his due process claim fails.

Accordingly, the motion to dismiss should be granted in favor of Defendants.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the motion to dismiss [ECF No. 5] be granted. The Clerk of Courts should be directed to close this case.

In accordance with 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72, the parties must seek review by the district court by filing Objections to the Report and Recommendation within fourteen (14) days of the filing of this Report and Recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of Objections to respond thereto. See Fed.R.Civ.P. 72(b)(2). Failure to file timely objections may constitute a waiver of appellate rights. See Brightwell v. Lehman, 637 F.3d 187, 194 n.7 (3d Cir. 2011); Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

Dated: December 20, 2014

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge